Mr. Justice Clayton
delivered the opinion of the court.
This controversy grows out of the will of James Leech, deceased, which directs that his four slaves be set free, and sent to Indiana or Liberia, as they may prefer. He also directed the great portion of his estate to be sold, and paid to the slaves thus directed to be liberated. One house and lot, however, he devised specifically to the female slave, but the validity of this particular devise was not in issue in the court below, and the executor, as such, is not the party with whom to contest this. The validity of the other provisions of the will, is the point in litigation.
The will bears a strong resemblance to that of Isaac Ross, which has been the subject of so much controversy in the courts of the state. Ross et al. v. Vertner et al. 5 How. 305. In that case the will directed the slaves to be sent to Liberia, there to remain free. He also bequeathed a fund to the American Colonization Society to'defray the expenses of transportation of the slaves, and to apply the residue to their support in their new home. This will directs the slaves to be set free and then to be sent off; the order of the words being inverted. It is insisted that as the slaves cannot be liberated here, without the consent of the legislature, the bequest is wholly void.
The mere collocation of words, if their meaning be the same, cannot vary their construction. It is the policy of this state, as evinced by its legislation, to prevent the increase of free persons *99 of color therein. No one is permitted to emancipate a slave by deed or by will, to remain in the state without the consent of the legislature, specially obtained. If a free person of color come from another state into this, and remain beyond a certain time, he may be apprehended and sold. H. & H. 166-7. Nor is this legislative policy controlled by the provision in the constitution of the United States, which declares, “ that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.” No person of color can become a citizen jn this sense of the term. They may become denizens in particular states, and may enjoy in them all the rights of citizenship, so far as state legislation can confer those rights. But when they leave the limits of such state, and enter another, they become subject to the laws of the latter, and must be governed by them. The general government does not interfere with the regulations of the states in this respect.
With this view of the subject, if the executor, in good faith and with strictness, comply with the terms of the will, we see nothing in the law to prevent its execution. The right to freedom under the will is inchoate, and becomes complete, when the subjects of it are removed to another state or couniry, according to its provisions.
The bequest to the slaves is not void either, for want of capacity in the legatees to take. If they do not comply with the terms of the will, the whole bequest is void; if they do, it will be valid. The case referred to in 5 Howard and of Frazier v. Frazier’s Ex’r. 2 Hill Ch. R. fully sustain these principles.
The demurrer to the petition was therefore improperly overruled in the court below, and this court directs that order to be reversed, the demurrer to be sustained, and the petition dismissed, without prejudice to any claim which petitioner may prefer to the house and lot in the will named.
Order reversed, and petition dismissed.